FILED

2008 Jun-17 PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JENNIFER TIDMORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs** | ) | CV-08-HS-1058-M |
| | ) | |
| | ) | **Jury Demand** |
| **ST. CLAIR COUNTY** | ) | |
| **and RICHARD WAYNE MCKAY,** | ) | |
| **in his individual capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### I.   JURISDICTION

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 2201, and 2202.  This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a, which provide relief against sex discrimination and sexual harassment.   Through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of invasion of privacy, assault, and battery.

2.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 180 days of the occurrence of the last discriminatory act.  Plaintiff timely filed her lawsuit within 90 days of the receipt of her Notice of Right-To-Sue from the EEOC.

## II.    PARTIES

3.      Plaintiff, Jennifer Tidmore, is a female citizen of the United States, a resident of the State of Alabama in the City of Southside and is over nineteen (19) years of age.

4.      Defendant, St. Clair County ("Defendant County"), is an entity subject to suit under Title VII and employs at least fifteen (15) persons.

5.      Defendant, Richard Wayne McKay, ("Defendant McKay") is a citizen of the United States, a resident of the State of Alabama over nineteen (19) years of age, and formerly held the title of Road Superintendent for the County and is subject to suit under the laws of the State of Alabama.

## III.   FACTUAL ALLEGATIONS

6.      Plaintiff began working for Defendant County on a road crew doing labor work around late May 2004

7.      Defendant McKay was Road Superintendent for Defendant County.

2

8.    Plaintiff was the only female out of around thirty-five men on the road crew.

9.    During Plaintiff's employment she was subjected to a sexually hostile work environment from her supervisor, Defendant McKay.

10.   The sexual harassment included inappropriate and unwelcomed touching of Plaintiff's private body parts, as well as numerous lewd sexual comments and propositions to Plaintiff on a constant and continuous basis.

11.   Plaintiffmade it clear to Defendant McKay that his advances and touchings were not welcomed, and she pleaded with him to leave her alone.

12.   Defendant McKay also stopped Plaintiff from working with her co-workers and tried to segregate her from the men by taking actions such as requiring her to ride around in a truck with him by herself.

13.   Plaintiff reported the sexual harassment to her immediate supervisor, Paving Crew Supervisor Sedrick Buyers ("Buyers").

14.   Plaintiff also reported the sexual harassment to Assistant Engineer Clay Phillips ("Phillips") on several occasions and County Engineer Dan Dahlke ("Dahlke").

15.   After Plaintiff reported Defendant McKay's acts of sexual harassment, he continued sexually harassing Plaintiff.

3

16.    At least one County Commissioner was also aware that Plaintiff was being sexually harassed.

17.    Defendant McKay similarly sexually harassed and discriminated against other female employees of Defendant County.

18.    Despite the fact that supervisors, employed by Defendant County, and a County Commissioner knew Defendant McKay was sexually harassing Plaintiff, the sexual harassment did not stop.

## IV.   CAUSES OF ACTION

### A.    COUNT I – SEXUAL HARASSMENT

19.    Plaintiff reavers and incorporates paragraphs 1-18 above as if fully set forth herein below.

20.    This Count is only brought against the Defendant County.

21.    Defendant County subjected Plaintiff to a sexually hostile work environment because of her sex that discriminatorily altered the terms and conditions of her employment.

22.    Plaintiff subjectively perceived the sexually harassing treatment she received from her supervisor to be hostile and abusive, and such conduct actually discriminatorily altered the terms and conditions of her employment.

23.    Defendant County was aware of the harassing conduct.  Defendant

4

County failed to guard against the misconduct of its employees, failed to train its supervisors and employees, failed to monitor their performance, and failed to take adequate remedial action.

24.    Defendant County's sexual harassment policies and procedures for handling complaints of sexual harassment were inadequate or did not exist.

25.    Defendant County, through its agents, engaged in a pattern and practice of subjecting its female employees to sexual harassment and a sexually hostile work environment.

26.    Defendant County has been aware of this hostile and abusive environment and continuously refused to take appropriate remedial action.

27.    Defendant County ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action.

28.    Defendant County is directly and indirectly liable for the conduct of its managerial employees that amounted to the sexual harassment suffered by Plaintiff.

29.    The sexually harassing conduct towards Plaintiff and Defendant County's ratification of such conduct adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do her job.

5

30.    Defendant County, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally-protected rights.

31.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

32.    Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant County's unlawful conduct as set forth herein unless enjoined by this Court.

### B.    COUNT II – SEX DISCRIMINATION

33.    Plaintiff re-alleges and incorporates by reference paragraphs 1-32 above with the same force and effect as if fully set out in specific detail herein below.

34.    This Count is only brought against Defendant County.

35.    During Plaintiff's employment, Defendant County discriminated against Plaintiff because of her female gender in job assignments and other terms, conditions and privileges of her employment.

36.    Defendant County subjected Plaintiff to a gender segregated work

6

environment.

37.    Defendant County, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally-protected rights.

38.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

39.    Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant County's unlawful conduct as set forth herein unless enjoined by this Court.

## C.    COUNT III - INVASION OF PRIVACY

40.    Plaintiff re-alleges and incorporates by reference paragraphs 1-39 above with the same force and effect as if fully set out in specific detail herein below.

41.    This Count is only brought against Defendant McKay.

42.    Defendant McKay invaded the privacy of Plaintiff, by, among other things, intruding into Plaintiff's private seclusion.

43.    Defendant engaged in the practices complained of herein with malice

7

and/or with reckless indifference to Plaintiff's rights.

### D.    COUNT IV - ASSAULT AND BATTERY

44.    Plaintiff re-alleges and incorporates by reference paragraphs 1-43 above with the same force and effect as if fully set out in specific detail hereinbelow.

45.    This Count is only brought against Defendant McKay.

46.    Defendant McKay assaulted and battered Plaintiff by subjecting her to numerous unwanted touchings.

47.    Defendant McKay engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

### V.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant County are violative of the rights of the Plaintiff as secured by Title VII.

2.    Grant Plaintiff a permanent injunction enjoining Defendant County, its agents, successors, employees, attorneys and those acting in concert with Defendant County and at Defendant County's requests, from continuing to

8

violate Title VII.

3.      Enter an Order requiring Defendant County to make Plaintiff whole by awarding her reinstatement or frontpay, backpay (plus interest), post judgment interest, compensatory, punitive, and/or nominal damages.

4.      Enter an Order requiring Defendant McKay to make Plaintiff whole by awarding her compensatory, punitive, and/or nominal damages.

5.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

Jon C. Goldfarb (ASB-5401-F58J)
Daniel E. Arciniegas (ASB-7809-D67A)
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500